*Law Offices of*
***BONNETT, FAIRBOURN,***
***FRIEDMAN & BALINT, P.C.***
*2325 E. Camelback Road, Suite 300*
*Phoenix, Arizona 85016*
*(602) 274-1100*
*Ty D. Frankel (AZ Bar No. 027179)*
*tfrankel@bffb.com*

*Law Offices of*
***BONNETT, FAIRBOURN,***
***FRIEDMAN & BALINT, P.C.***
*600 W. Broadway, Suite 900*
*San Diego, California 92101*
*Telephone: (619) 756-7748*
*Patricia N. Syverson (AZ Bar No. 020191)*
*psyverson@bffb.com*

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Peter Sherman, on behalf of himself and all those similarly situated,<br><br>Plaintiff,<br>v.<br><br>Plains All American GP LLC, a Texas limited liability company,<br><br>Defendant. | Case No. _____<br><br>**COLLECTIVE ACTION AND CLASS ACTION COMPLAINT**<br><br>**[JURY TRIAL DEMANDED]** |

Plaintiff Peter Sherman ("Plaintiff"), individually and on behalf of all others similarly situated for his Complaint against Plains All American GP LLC ("Plains All American") alleges as follows:

## I. NATURE OF THE CASE

1. Plaintiff brings this action against Plains All American for its unlawful failure to pay overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219

- 1 -

1  ("FLSA") and its unlawful failure to pay wages due in violation of the Arizona Wage
2  Statute, A.R.S. §§ 23-351-353, and 23-355.

3　　　　2.　　　For at least three (3) years prior to the filing of this action (the "Liability Period"), Plains All American had and continues to have a consistent policy and practice of suffering or permitting employees to work off the clock, including Plaintiff, in excess of forty (40) hours per week, without paying them proper overtime compensation as required by federal and state wage and hour laws. Plaintiff seeks to recover unpaid overtime compensation, including interest thereon, statutory penalties, reasonable attorneys' fees and litigation costs on behalf of himself and all similarly situated current and former employees who worked for Plains All American and performed work off the clock without compensation (the "Class"). Plaintiff and all similarly situated current and former employees who may opt-in pursuant to 29 U.S.C. § 216(b) seek liquidated damages.

　　　　3.　　　This action is brought as a collective action pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime compensation, liquidated damages, statutory penalties and damages owed to Plaintiff and all others similarly situated. For collective action purposes, the proposed class consists of:

> All current and former Plains All American employees who performed work off the clock without compensation as part of their job duties during the Liability Period.

　　　　4.　　　This lawsuit is also brought as a class action under Federal Rule of Civil Procedure 23, to recover unpaid compensation and treble damages resulting from Plains All American's violations of the Arizona Wage Statute. For class action purposes, the proposed class consists of:

> All current and former Plains All American employees who performed work off the clock without compensation in Arizona as part of their job duties during the Liability Period.

5. Plaintiff intends to request the Court to authorize notice to all similarly situated persons informing them of the pendency of the action and their right to "opt-into" this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking overtime compensation and liquidated damages under federal law.

## II. JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

7. Plaintiff's state law claim is sufficiently related to the FLSA claim that it forms part of the same case or controversy. This Court therefore has supplemental jurisdiction over Plaintiff's claim under the Arizona Wage Statute pursuant to 28 U.S.C. § 1367.

8. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in the State of Arizona within this District. Plaintiff was employed by Plains All American in this District.

## III. PARTIES

9. At all times relevant to the matters alleged herein, Plaintiff Peter Sherman, resided in the State of Arizona in Maricopa County.

10. Plaintiff has been a full-time, non-exempt employee of Plains All American from on or around June 12, 2007 until the present.

11. During Plaintiff's employment with Plains All American, he has been paid an hourly wage most recently of $23.18 per hour.

12. Pursuant to 29 U.S.C. § 216(b), attached to and filed with this Complaint as Exhibit A, is the Consent to Become Party Plaintiff, signed by the above-named Representative Plaintiff, Peter Sherman, opting him into this lawsuit.

1. 13. Defendant Plains All American is a limited liability company formed in Delaware with its principal place of business in Texas. Plains All American is authorized to do business in Arizona.

14. Plains All American owns and operates midstream energy infrastructure and provides logistics services for crude oil, natural gas liquids, natural gas, and refined products.

15. Plains All American hires numerous employees like Plaintiff to provide operational support servicing the company's pumps, compressors, valves, mixers, engines, and other oil and natural gas equipment and tools.

16. Plaintiff and the Class were employees as defined in 29 U.S.C. § 203(e)(1) and were non-exempt employees under 29 U.S.C. § 213(a)(1) and A.R.S. § 23-350(2).

17. At all relevant times, Plains All American was an employer as defined by 29 U.S.C. § 203(d) and A.R.S. § 350(3).

18. At all relevant times, Plains All American has been engaged in interstate commerce and has been an enterprise whose gross annual volume of sales made or business done is greater than $500,000.

## **IV. FACTUAL BACKGROUND**

19. Plains All American is engaged in interstate and intrastate crude oil transportation and crude oil gathering, marketing, terminals, and storage, as well as the marketing and store of liquified petroleum gas and other petroleum products.

20. Plains All American owns and operates midstream energy infrastructure and provides logistics services for crude oil, natural gas liquids, natural gas, and refined products. It owns an extensive network of pipeline transportation, terminalling, storage and gathering assets in key crude oil and natural gas producing basins and transportation corridors, and at major market hubs throughout the United States. On average, the company handles over 4.6 million barrels per day of crude oil and natural gas.

21. Plaintiff has been employed during his tenure for Plains All American as an Operations Technician from on or around June 12, 2007 until the present.

22. As a non-exempt Operations Technician, Plaintiff works in the field at Plains All American's Bumstead propane and butane wholesale location in Arizona.

23. Plaintiff's duties consists of loading and unloading railroad tankers with propane and butane that Plains All American transports and sells along a distribution chain.

24. During a typical day, Plaintiff performs his duties in shifts that last twelve hours, either from 6 a.m. until 6 p.m. or from 6 p.m. until 6 a.m. He is paid his hourly rate only for the twelve-hour period he is considered by the company to be on the clock.

25. Plains All American requires Plaintiff to perform duties before the start of his shift and after his shift concludes without recording that time or receiving compensation for it.

26. According to Plains All American policy, Plaintiff is required to arrive at least fifteen minutes prior to the start of his shift and don mandatory protective gear necessary to perform his job.

27. Plaintiff performs unpaid work before the start of each shift, including, but not limited to, activities such as donning personal protective equipment (coveralls, gloves, shoes, hardhat, ear plugs, safety glasses) and performing operations logistics work.

28. After arriving at the job site prior to the start of his shift, Plaintiff is required to don a coverall provided by the company. The coveralls are flame retardant and protect Plaintiff from the hazards arising from working with propane in the field.

29. Plaintiff is required to don company-provided gloves on his hands, steel toe shoes that are slip resistant, and a hard hat, ear plugs, and safety glasses provided by the company. Plaintiff also is required to don a radio, headlamp, gas monitor, and other tools to perform his job.

30. The gear Plaintiff is required to put on prior to the start of his shift are mandated by Plains All American company policy and in accordance federal regulations.

31. In addition to donning protective gear prior to the start of his shift each day, Plaintiff is also required to arrive early to exchange information with the field crew who are finishing the shift immediately prior to Plaintiff's. The crewmembers exchange operational information regarding the progress of the work that had been completed by the departing shift, so Plaintiff would know where to begin his work. He was also frequently required to meet with management for training and evaluations.

32. All of these tasks are required to be completed before Plaintiff's shift starts, and he is not able to record this time or receive compensation for this time.

33. Plaintiff is also required to perform work following the completion of his shift for which he is not compensated. After the conclusion of each shift, Plaintiff is required to remove all of his mandatory personal protective equipment. In addition, he is required to exchange information with the crew taking over for the next shift, conveying maintenance tests that need to be completed or are in progress and explaining new rules, procedures, or training required by management. This process took approximately 15 minutes following the completion of his paid shift and was mandated by management. He was also frequently required to stay late by management for review meeting, trainings, and evaluations without compensation.

34. Plaintiff routinely works in excess of forty (40) hours per week as part of his regular schedule, many hours for which he was required to work off the clock.

35. Plaintiff works approximately 90 hours during the typical two-week period of his employment at Plains All American. Of those approximately 90 hours, Plaintiff typically only received compensation for approximately 84 hours.

36. Much of Plaintiff's off-the-clock work is performed in workweeks in which he worked in excess of forty (40) hours per week.

37. During a typical day, Plaintiff starts his work for Plains All American at around 5:45 in the evening. He dons mandatory protective equipment and exchanges information with coworkers necessary to begin his work. He then starts his paid shift at 6

p.m. None of the work he performs prior to the start of his shift at 6 p.m. is compensated. He then concludes his shift at 6 a.m. at which time his compensation stops. He then performs the mandatory duty of taking off his protective gear and exchanging information with coworkers to conclude his work at 6:15 a.m. None of the work he performs following the completion of his shift at 6 a.m. is compensated.

38. Despite working overtime, Plaintiff is not paid proper overtime wages at a rate of one and one half times his regular rate of pay for all hours worked over forty in a work week.

39. Plains All American also fails to timely pay Plaintiff all the wages which he is due in violation of the Arizona Wage Statute.

40. Plaintiff's duties, hours and compensation are indicative of the similarly situated Class.

41. Plains All American's improper policies and compensation practices applied to Plaintiff and the similarly situated Class he will represent.

42. The Class is uniformly subject to the same unlawful compensation practices that Plaintiff is subject to during his employment at Plains All American.

43. Plains All American has willfully violated and continues to willfully violate federal and Arizona wage and hour statutes and regulations with the intent to deprive the Class of part of their wages.

44. Plaintiff complained to management about Plains All American's wage policies and identified them as illegal, but Plains All American continues to require Plaintiff to work off the clock time without compensation.

## V. COLLECTIVE ACTION ALLEGATIONS

45. Plaintiff brings his claim under the FLSA, 29 U.S.C. § 201 *et seq.*, as a collective action. Plaintiff brings this action on behalf of himself and others similarly situated, properly defined as:

> All current and former Plains All American employees who performed work off the clock without compensation as part of their job duties during the Liability Period.

46. Plains All American's illegal overtime wage practices were widespread with respect to the proposed Class. The failure to pay proper overtime was not the result of random or isolated individual management decisions or practices.

47. Plains All American's overtime wage practices were routine and consistent. Throughout the Liability Period, the Class regularly was not paid the proper overtime wage despite working in excess of forty hours per week.

48. The Class performed the same or similar job duties as Plaintiff. Moreover, the Class regularly worked more than forty hours in a workweek. Accordingly, the employees victimized by Plains All American's unlawful practices are similarly situated to Plaintiff in terms of employment and pay provisions.

49. Plains All American's failure to pay overtime compensation at the rates required by the FLSA result from generally applicable policies or practices and do not depend on the personal circumstances of the members of the collective action. Thus, Plaintiff's experience is typical of the experience of others employed by Plains All American.

50. The specific job titles or precise job requirements of the various members of the collective action do not prevent collective treatment. The Class, including Plaintiff, regardless of their precise job requirements or rates of pay, are entitled to overtime compensation for hours worked in excess of forty (40). Although the issue of damages may be individual in character, there is no detraction from the common nucleus of facts pertaining to liability.

## **VI. CLASS ACTION ALLEGATIONS**

51. The state law claims under the Arizona Wage Statute are brought as a class action under Federal Rules of Civil Procedure 23(a) and (b)(3). The class is defined as:

> All current and former Plains All American employees in Arizona who performed work off the clock without compensation as part of their job duties during the Liability Period.

52. Throughout the Liability Period, Plains All American has employed a large number of the Class. The Class is therefore so numerous that joinder of all members is impracticable. Members of the Class can readily be identified from business records maintained by Plains All American.

53. Proof of Plains All American's liability under the Arizona Wage Statute involves factual and legal questions common to the class. Whether Plains All American paid Class members the proper wages due in accordance with A.R.S. §§ 23-351, 23-353, 23-355 is a question common to all Class members.

54. Like Plaintiff, all Class members worked without being paid the statutorily required overtime wage and regular wage. Plaintiff's claim is therefore typical of the claims of the class.

55. Plaintiff has no interest antagonistic to those of other Class members and has retained attorneys who are knowledgeable in wage and hour and class action litigation. The interests of Class members are therefore fairly and adequately protected.

56. This action is maintainable as a class action under Rule 23(b)(3) because questions of law or fact common to the Class predominate over any questions affecting only individual members.

57. In addition, a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The Arizona Wage Statute recognizes that employees who are denied their wages often lack the ability to enforce their rights against employers with far superior resources. Further, because the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation makes it difficult for members of the Class to individually redress the wrongs done to them.

58. Plaintiff's Arizona Wage Statute claim is easily managed as a class action. The issue of liability is common to all Class members. Although the amount of damages may differ by individual, they are objectively ascertainable and can be easily calculated.

## VII. COUNT ONE

**(Failure to Properly Pay Overtime Wages - FLSA - 29 U.S.C. § 207)**

59. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

60. Plaintiff is a non-exempt employee entitled to the statutorily mandated overtime pay according to the FLSA.

61. Plains All American is an employer pursuant to 29 U.S.C. § 203(d).

62. Plains All American failed to comply with 29 U.S.C. § 207 because Plaintiff worked for Plains All American in excess of forty hours per week, but Plains All American failed to pay Plaintiff for those excess hours at the statutorily required rate of one and one-half times Plaintiff's regular rate of pay as required by the FLSA.

63. Plains All American's failure to pay overtime to Plaintiff was willful. Plains All American knew Plaintiff was working overtime but failed to properly pay overtime wages. Plains All American had no reason to believe its failure to pay overtime was not a violation of the FLSA.

64. Plaintiff is entitled to statutory remedies provided pursuant to 29 U.S.C. § 216(b), including but not limited to liquidated damages and attorneys' fees.

## VIII. COUNT TWO

**(Failure to Pay Timely Wages Due - Arizona Wage Statute - A.R.S. § 23-350 *et seq*.)**

65. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

66. Plains All American is aware of its obligation to pay timely wages pursuant to A.R.S. § 23-351.

67. Plains All American is aware that, under A.R.S. §§ 23-351-353, it was obligated to pay all wages due to Plaintiff.

68. Plains All American failed to timely pay Plaintiff wages he was due without a good faith basis for withholding the wages.

69. Plains All American has willfully failed and refused to timely pay wages due to Plaintiff. As a result of Plains All American's unlawful acts, Plaintiff is entitled to the statutory remedies provided pursuant to A.R.S. § 23-355.

## IX. REQUESTED RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays:

A. For the Court to order Plains All American to file with this Court and furnish to Plaintiffs' counsel a list of the names and addresses of all current and former employees who performed work off the clock without compensation as part of their job duties for the past three years;

B. For the Court to authorize Plaintiff's counsel to issue notice at the earliest possible time to all current and former employees who performed work off the clock without compensation as part of their job duties for the past three years immediately preceding this action, informing them that this action has been filed and the nature of the action, and of their right to opt into this lawsuit if they worked hours in excess of forty (40) hours in a week during the Liability Period, but were not paid overtime as required by the FLSA;

C. For the Court to declare and find that Plains All American committed one or more of the following acts:

    i. violated overtime provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime wages to Plaintiff and persons similarly situated who opt into this action;

    ii. willfully violated overtime provisions of the FLSA, 29 U.S.C. § 207;

    iii. willfully violated the Arizona Wage Statute by failing to timely pay all wages due to Plaintiff;

1  D. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b) and/or treble damages pursuant to A.R.S. § 23-355, to be determined at trial;

  E. For the Court to award interest on all overtime compensation due accruing from the date such amounts were due;

  F. For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

  G. For the Court to award restitution;

  H. For the Court to award Plaintiff's reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b);

  I. For the Court to award pre- and post-judgment interest;

  J. For the Court to award Plaintiffs' resulting consequential damages, in an amount to be proven at trial; and

  K. For such other relief as the Court deems just and proper.

## X. DEMAND FOR JURY TRIAL

70. Plaintiff, on behalf of himself and all others similarly-situated, hereby demands trial of his claims by jury to the extent authorized by law.

DATED: June 9, 2017.

         BONNETT, FAIRBOURN, FRIEDMAN
         & BALINT, P.C.

          /s/ Ty D. Frankel
         Ty D. Frankel
         2325 E. Camelback Road, Suite 300
         Phoenix, Arizona 85016
         Telephone: 602-274-1100
         Facsimile: 602-798-5860

         BONNETT, FAIRBOURN, FRIEDMAN &
         BALINT, P.C.
         Patricia N. Syverson
         600 W. Broadway, Suite 900
         San Diego, California 92101

         Attorneys for Plaintiff